## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

WAYNE H. BETHAM                                                          PLAINTIFF

v.                              Case No. 3:13-CV-03007

DAVE FISCHER, U.S.P.S., Postmaster                                      DEFENDANT

### ORDER

Currently before the Court is Defendant's Motion to Substitute Party and to Dismiss Federal Tort Claims Act Claims (Doc. 7) and supporting brief (Doc. 8).  The period to file a response has passed, and Plaintiff, Wayne H. Betham, has filed not response in opposition to the Motion.

"Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . [s]uch action or proceeding shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2). The United States Attorney for the Western District of Arkansas, by virtue of the authority vested in him by the Attorney General of the United States under 28 C.F.R. § 15.4(a),[1] has certified that the individual Defendant in this case was acting within the scope of his federal employment as an employee of the United States Postal Service with respect to the incident alleged by Plaintiff in the Complaint.  (Doc. 7-1).  That certification has not been challenged by Plaintiff.  The Court finds,

---

[1]  The Government cites to 28 C.F.R. § 15.3(a), but it appears that the relevant regulation is § 15.4(a), which provides that "[t]he United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose."

therefore, that the United States should be substituted as the defendant in this case, in place of Dave Fischer.

"When the United States substitutes itself as a party in place of government employees who were sued, the FTCA [Federal Tort Claims Act] is the exclusive remedy against the United States." *Eubank v. Kan. City Power & Light Co.*, 626 F.3d 424, 427 (8th Cir. 2010) (citing 28 U.S.C. § 2679(b)(1)). "The United States is immune from suit unless it consents." *Riley v. United States*, 486 F.3d 1030, 1032 (8th Cir. 2007). Congress waived the sovereign immunity of the United States, in certain circumstances, by enacting the FTCA, "under which the federal government is liable for certain torts its agents commit in the course of their employment." *Id.* "The United States is, nevertheless, immune if an exception applies." *Id.* Under 28 U.S.C. § 2680(b), the United States shall not be liable for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." "Where the United States has not waived sovereign immunity under the FTCA, the district court lacks subject matter jurisdiction to hear the case." *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011). Therefore, to the extent that Plaintiff brings a claim against the United States, its agencies, or its employees for negligent transmission of a parcel, such claim is barred by the doctrine of sovereign immunity and must be dismissed for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Motion to Substitute Party (Doc. 7) is GRANTED, and the United States is substituted as Defendant in this case in place of Dave Fischer.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss claims brought pursuant to the Federal Tort Claims Act (Doc. 7) is GRANTED, and to the extent that Plaintiff alleged any claims for negligence under the FTCA, those claims are dismissed for lack of jurisdiction. Any other claims not addressed by the Order remain pending for adjudication.

IT IS SO ORDERED this 15th day of April, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE